IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT C. VICE,

    Petitioner,                           No. CIV S-04-0044 GEB CMK P

    vs.

C.K. PLILER, Warden,

    Respondent.                       FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner plead guilty to burglary, admitted enhancements for the use of a deadly weapon and the infliction of great bodily injury and admitted to having a prior serious felony conviction. (Answer, Ex. A at 1.) In accordance with the plea agreement, numerous other charges were dismissed, including a charge of attempted murder. (Id.) On July 25, 2001, petitioner was sentenced to a stipulated term of twenty years. (Id.; Clerk's Transcript (CT)[1] 114, 126.) Petitioner now challenges the validity of his plea and resulting sentence.

///

///

---

[1] This refers to the lodged Clerk's Transcript on Appeal, not the lodged Supplemental Clerk's Transcript on Appeal.

I.      Standards for Granting Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d) (referenced herein in as " § 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir.2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). See Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir.2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the

> state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. See Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law. It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir.1999).

II.   Arguments and Analysis

Petitioner advances five grounds for habeas relief: (1) that there was insufficient evidence at the preliminary hearing to show that petitioner inflicted great bodily harm; (2) that

there was insufficient evidence at the preliminary hearing to show that petitioner was armed with a deadly/dangerous weapon and being armed with a deadly weapon is not an element of the substantive offense of residential burglary; (3) that there was insufficient evidence at the preliminary hearing to show that petitioner committed residential burglary; and (4) that he was denied effective assistance of trial and appellate counsel.

### A. Insufficient Evidence To Show Infliction Of Great Bodily Harm

Petitioner argues that the prosecutor never proved at the preliminary hearing, or at any point, that petitioner inflicted great bodily harm on the victim. Petitioner says "[i]n spite of petitioner's entering a plea due to trial counsel's advice, there was never any kind of medical evidence to support the G.B.I. other than hearsay." (Traverse at 6.) This claim was exhausted in state court. (Answer, Exs. G& H.)

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional right that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973.) Here, petitioner plead no contest regarding admitting the infliction of great bodily injury. (Reporter's Transcript (RT) at 22.) By pleading guilty to this charge, he abandoned his right to challenge this issue. Petitioner's first claim does not satisfy 28 U.S.C. § 2254(d), and verges on frivolous.

### B. Deadly Weapon Enhancement Improper And Insufficient Evidence To Show That Petitioner Was Armed With A Deadly/Dangerous Weapon

Petitioner next contends that the trial court improperly imposed an additional enhancement for the use of a deadly weapon, which cannot be imposed when the said deadly weapon is an element of the offense. He further argues that there was no factual evidence to support the deadly weapon enhancement. Petitioner fully exhausted this claim in state court. (Answer, Exs. G& H.)

///

Petitioner plead guilty to the use of a deadly weapon. (RT at 22.) Therefore, as described above, petitioner is precluded from bringing his claim of insufficient evidence to support the deadly weapon enhancement. See Tollett, 411 U.S. at 267. Petitioner pled guilty to residential burglary. Being personally armed with a dangerous or deadly weapon is not an element of residential burglary. See Cal. Penal Code § 459. Accordingly, petitioner's argument that it was improper to impose a deadly weapon enhancement because that was an element of the substantive offense is without merit.

The court recommends that petitioner's second habeas claim be denied.

C.   Insufficient Evidence To Prove That Residential Burglary

Petitioner argues that there was not sufficient evidence presented at the preliminary hearing to prove that he committed residential burglary. He states "...the law demands that each and every count/charge be proven despite petitioner's entry into an agreement with the state..." (Traverse at 8.) Petitioner fully exhausted this claim in state court. (Answer, Exs. G& H.)

Petitioner pleaded guilty to the charge of first degree burglary. (RT 22.) Therefore, as described above, petitioner is precluded from bringing his claim of insufficient evidence to support the deadly weapon enhancement. See Tollett, 411 U.S. at 267. Petitioner's third claim does not satisfy 28 U.S.C. § 2254(d), and verges on frivolous.

D.   Ineffective Assistance Of Trial And Appellate Counsel

Petitioner's final claim for relief is that he was denied effective assistance of trial and of appellate counsel. Petitioner contends that trial counsel was ineffective for failing to adequately investigate possible defenses or attempting to defend against the burglary charge. He argues that appellate counsel was ineffective for failing to adequately investigate petitioner's ineffective assistance of trial counsel claims and for refusing to represent "petitioner's other contentions" in the appeal brief. (Traverse at 12.) (Petitioner exhausted this claim in state court. (Answer, Exs. G& H.)

A defendant's sworn statements of voluntariness made at the plea hearing carry a strong presumption of veracity. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1974). At the plea hearing, petitioner said he went over the plea agreement with his counsel and had a chance to ask whatever questions he had. (RT 21.) The plea colloquy demonstrates that, when he pled guilty, petitioner was aware that he was giving up his right to present and to have his trial counsel present a defense against the burglary charge.

To sustain an ineffective assistance of counsel claim, petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56 (1985). The standard is the same for ineffective assistance of appellate counsel. See Smith v. Robbins, 528 U.S. 259, 285 (2002). Petitioner can satisfy neither prong of this test.

Petitioner's motion does not allege facts sufficient to overcome the "strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To the contrary, the record reveals that petitioner's counsel had an investigator investigating the case and had a lead on possible impeachment evidence on the prosecution's main witness. (RT at 14.) Petitioner then received a continuance so that his trial counsel could pursue the investigation. ( Id.) The state court's rejection of this claim does not reflect an objectively unreasonable application of the appropriate federal principles.

Similarly, petitioner's motion does not allege facts sufficient to overcome the "strong presumption" that appellate counsel's representation fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Petitioner fails to show that appellate counsel failed to raise nonfrivolous issues on appeal or that he was prejudiced by appellate counsel's alleged failures. Smith, 528 U.S. 285. The record reveals that petitioner's

appellate counsel throughly investigated petitioner's possible claims and made a decision to file a "no issue <u>Wende</u>" brief.  Petitioner has not shown that he was prejudiced by the actions of his appellate counsel.  Accordingly, the state court's rejection of this claim does not reflect an objectively unreasonable application of the appropriate federal principles.   The court recommends that petitioner's fourth claim for relief be denied.

III.     Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u>  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 4, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE